IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GRADY LYNN COX,<br>　　Petitioner,<br><br>VS.<br><br>COLE JETER, Warden,<br>Federal Medical Center-Fort Worth,<br>　　Respondent. | §<br>§<br>§<br>§　　Civil Action No. 4:05-CV-186-Y<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Grady Lynn Cox, Reg. No.07538-078 is a federal prisoner incarcerated in the Federal Medical Center-Fort Worth, in Fort Worth, Texas.

Respondent Cole Jeter is Warden of the Federal Medical Center-Fort Worth.

### C. PROCEDURAL HISTORY

Following a jury trial in the United States District Court for the Eastern District of Texas, Texarkana Division, Cox was found guilty of three counts of sexual exploitation of a minor, in

violation of 18 U.S.C. § 2252, and was sentenced on February 17, 2000 to a term of 78 months on each count, the sentences to run concurrently. *See* CM/ECF, Criminal Docket for Case # 5:98-CR-26-DF, docket entries for December 2, 1999 & February 17, 2000. The Fifth Circuit Court of Appeals affirmed Cox's convictions and sentences on April 12, 2001. *Id.*, docket entry for April 12, 2001. Thereafter, Cox filed a 28 U.S.C. § 2255 motion in the district court, which was denied on September 2, 2003. *Id.*, docket entry for Sept. 2, 2003. The Fifth Circuit Court of Appeals denied his certificate of appealability on April 29, 2004. On March 10, 2005, Cox filed the instant petition under § 2241 in this district, where he is currently serving his sentences. The government has moved that the petition be dismissed as a successive § 2255 motion. (Resp't Motion to Dismiss at 5.)

### D. DISCUSSION

By this action, Cox indirectly attacks his convictions on the basis that he was tried and convicted under an unconstitutional statute by challenging the constitutionality of § 2255 and the § 2255 proceedings in the sentencing court. (Petition at 4-5; Pet'r Memorandum at 15.)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective,

2

the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Cox claims that he is entitled to seek § 2241 relief under the § 2255 savings clause (1) because the sentencing court failed to address most of his claims raised in his § 2255 motion and to take judicial notice of Supreme Court precedent holding 18 U.S.C. § 2252 unconstitutional in part, and (2) because the Fifth Circuit denied him a certificate of appealability. Cox urges that he has no other avenue of redress and if § 2241 jurisdiction is not invoked he will be deprived of a meaningful opportunity to attack his convictions or sentences. (Pet'r Memorandum in Support at 8-9.) Lack of success in the sentencing court, however, does not render the remedy under § 2255 inadequate or ineffective. *See Pack*, 218 F.3d at 452-53; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Cox's § 2255 motion effectively offered him an opportunity to challenge the legality of his detention. Thus, Cox is not entitled to use the savings clause of § 2255 to challenge his underlying convictions and sentences by petitioning under § 2241. Cox has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition.[1] *See Christopher v. Miles*, 342

---

[1] Cox relies on the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), for his contention that he was convicted under an unconstitutional statute and thus he is actually innocent. In *Ashcroft v. Free Speech Coalition*, the Supreme Court struck down, as over broad and unconstitutional, portions of the Child Pornography Prevention Act of 1996 that are inapplicable to Cox's case. *See id.* at 241, 258; *United States v. Chrobak*, 289 F.3d 1043, 1046 n.3
(continued...)

3

F.3d 378, 385 (5th Cir. 2003).

## II.  RECOMMENDATION

It is recommended that the government's motion to dismiss Cox's petition for writ of habeas corpus under § 2241 be GRANTED and that the action be DISMISSED for want of jurisdiction

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 2, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

---

[1](...continued)
(8th Cir. 2002) (noting that *Ashcroft v. Free Speech* reaffirmed the validity of 18 U.S.C. § 2252). Even if Cox could show that *Ashcroft* had some bearing on his case, he has not demonstrated that the Supreme Court made *Ashcroft* retroactive to cases on collateral review.

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 2, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 11, 2005.

     /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE